IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TWYLA PEASE, as Trustee of the
Pease Family Trust                                                          PLAINTIFF

v.                              No. 5:17-CV-05227

JOSH COOK, et al.                                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court are motions to dismiss filed by Separate Defendants Josh Cook and Betty Gillette (Doc. 12) and Separate Defendant City of Eureka Springs, Arkansas ("City") (Doc. 21). Plaintiff Twyla Pease has filed responses to both motions (Docs. 24 and 28). All parties have filed supporting documents. (Docs. 13, 22, 25, and 27). The City argues that the Court lacks subject matter jurisdiction, and has also joined in Mr. Cook and Ms. Gillette's motion to dismiss. Mr. Cook and Ms. Gillette have moved to dismiss, arguing diversity jurisdiction requirements are not met and that Ms. Pease has failed to state a claim on which relief can be granted.

Ms. Pease has filed a motion for default judgment against Mr. Cook and a supporting brief. (Docs. 30 and 31). Mr. Cook has filed a response and brief in opposition to Ms. Pease's motion. (Docs. 32 and 34).

**I.    Background**

Ms. Pease is the trustee of the Pease Family Trust ("Trust"). The Trust owns the property at 77 Hillside, Eureka Springs, Arkansas 72632. Ms. Pease is now suing Mr. Cook, Ms. Gillette, and the City, on behalf of the Trust, alleging damages to the property caused by Defendants. Ms. Pease's complaint alleges that a structure built on adjacent property belonging to Mr. Cook and Ms. Gillette (298 N. Main Street, Eureka Springs, Arkansas 72632) impairs and damages the value of the Trust's property (77 Hillside, Eureka Springs, Arkansas 72632). Ms. Pease states in her

1

complaint that Mr. Cook and Ms. Gillette's structure ("structure") violates Eureka Springs Historic District Commission codes and the Eureka Springs Municipal Code. (Doc. 1, p. 3).

Ms. Pease additionally alleges that the City is responsible for the harm to the Trust's property because it failed to follow its own ordinances. The properties are located within the City's Historic District and are controlled by the Eureka Springs Historic District Commission ("HDC"). (Doc. 22, p. 1). A "Certificate of Appropriateness" is required by HDC prior to any construction or erection of buildings within the Historic District. (Doc. 22, p. 1-2). HDC issued a Certificate of Appropriateness to Mr. Cook and Ms. Gillette on December 2, 2015, and again on March 10, 2017. (Doc. 22, p. 4). HDC issued building permits for the addition to the structure on March 10, 2017 and May 16, 2017. (Id.).

## II. Legal Standard

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

### B. Motion for Default Judgment

Under Federal Rule of Civil Procedure 55(c) a court "may set aside an entry of default for good cause." Whether a default judgment will be entered is a matter committed to the sound discretion of the court. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977). Default judgment is warranted only when there are "willful violations of court rules, contumacious conduct, or intentional delays." *U.S. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). This is because "[u]nder modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2681 (3d ed. 2009).

## III. Discussion

Defendants filed motions to dismiss in which they argue that this Court does not have subject matter jurisdiction over this case and that Ms. Pease has failed to state a claim for which relief can be granted. Defendants' motions will be granted in part and denied in part. Ms. Pease has also moved for default judgment as to Mr. Cook. Ms. Pease's motion will be denied.

### A. Motion to Dismiss

#### 1. Diversity Jurisdiction

Defendants allege that the requirements for diversity jurisdiction are not met. (Doc. 13, pp. 1-2). Diversity jurisdiction has two requirements. 28 U.S.C. § 1332. First, it requires all plaintiffs be citizens of different states from all defendants. *Id*. Second, it requires the amount

in controversy to exceed $75,000.  *Id.*  For individuals, citizenship is synonymous with domicile. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  For unincorporated entities like trusts, citizenship is determined by the citizenship of the trustees.  *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. --, 136 S.Ct. 1012 (2016).  Ms. Pease is domiciled in Iowa because she is located there and intends to remain.  (Doc. 1, p. 1); *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").  Further, Ms. Pease is the sole trustee of the trust because her husband is deceased[1] and she had no duty to find another trustee.[2]  (Docs. 1 and 25).  Defendants are all citizens of the state of Arkansas. (Doc. 1, p. 1-2). Thus, there is complete diversity between the parties.  Additionally, because Ms. Pease plausibly claims damages in excess of $75,000 due to her house allegedly being valued between $800,000 and $1,500,000, the amount in controversy requirement has been satisfied and this Court has jurisdiction.  (Doc. 1, p. 2).

## 2. Exhaustion of Administrative Remedies

Second, Defendants argue the complaint should be dismissed for lack of subject matter jurisdiction because Ms. Pease did not exhaust administrative remedies.  (Doc. 13).  Defendants argue that under Ark. Code Ann. § 14-56-425(a)(1) any appeals of HDC decisions "shall be taken to the circuit court of the appropriate county using the same procedure as for administrative appeals of the District Court Rules of the Supreme Court." Arkansas District Court Rule 9(f)(2(A) states

---

[1] Defendants also move to dismiss for failure to join a necessary party under Rule 19.  (Doc. 13, p. 7).  Because Ms. Pease is now the sole trustee due to her husband's passing, there is no other trustee to be joined, and this argument fails.  Therefore, the Rule 12(b)(7) motion is denied.

[2] Even if the Trust's terms required appointment of a successor Trustee, Defendants have no relationship to the Trust or Ms. Pease that would give them standing to argue that Ms. Pease must appoint a successor Trustee.

that appeals by a party must be made within 30 days from the decision date. As stated above, HDC issued Certificates of Appropriateness on December 2, 2015 and March 1, 2017, and the building permits for the structure were issued on March 10, 2017 and May 16, 2017. (Doc. 22, p. 4). Ms. Pease filed this suit on November 6, 2017, nearly six months after the last action by HDC.

Ms. Pease argues that Ark. Code Ann. § 14-56-425 ("Municipal Statute") is inapplicable to appeals of HDC decisions and Ark. Code Ann. § 14-172-212 ("HD Statute") is the more appropriate statute to apply to HDC decisions. (Doc. 27, p. 6). The HD Statute specifically states that the procedure for appeals by "applicants aggrieved by the determination of the historic district commission" shall do so within 30 days of the decision to the chancery court. Ark. Code Ann. § 14-172-212. Ms. Pease argues that this limitation does not apply to her because she was not an "applicant." (Doc. 27, p. 6-7).

The Court must determine whether either the Municipal Statute or the HD Statute required Ms. Pease to follow exhaustion of remedies procedures or otherwise file her action earlier than she did. In *Buck v. City of Hope*, the plaintiff owned property adjacent to the defendant. 2009 Ark. App. 105, 303 S.W.3d 85 (2009). Three months after the City's Board of Directors ("Board") approved a change for the defendant's land, the plaintiff filed a complaint against the City. *Id*. at 86. The defendant claimed that the plaintiff did not exhaust administrative remedies due to the requirements in Municipal Appeals and Arkansas District Court Rule 9. *Id*. at 87. The court held that Municipal Statute and Arkansas District Court Rule 9 appeal requirements were not triggered in this case because the Board took "no direct action against the [Plaintiff's] property." *Id*. at 88. Thus, the court held that the plaintiff should "not be expected to appeal decisions that did not affect his property at the time the Board made those decisions." *Id*.

Similarly, the HDC decision in this case did not directly apply to Ms. Pease's property. The HDC decision was directly related to the property of Defendants Cook and Gillette. Because the decision did not directly impact her property at the time, Ms. Pease was not expected to appeal this HDC decision. *See Id.* Therefore, the Municipal Statute and Arkansas District Court Rule 9 appeal requirements are not triggered in this case.

It is also the Court's view that the HD Statute is not triggered. As stated above, the HD Statute requires that "applicants aggrieved by the determination of the historic district commission" shall do so within 30 days of the decision to the chancery court. As discussed above, Ms. Pease is not an "applicant" because the HDC decision did not directly apply to her property. Therefore, the HD Statute requirements were not triggered when Ms. Pease, a non-applicant, brought a suit for a decision by the HDC.

Additionally, Defendant City of Eureka Springs argues that, under Eureka Springs Code Chapter 14.08.10(C)(2), Ms. Pease should have appealed within 15 days of the issuance of the building permits. (Doc. 22, p. 7). Title 14.08.10(C)(2)(b) of the Eureka Springs, AR – Code of Ordinances states "[t]he applicant shall notify all adjacent property owners … by certified mail … at least fifteen (15) days prior to the public hearing, return receipt requested …." Further, in § 14.08.10(C)(2)(d), the code states that there shall be no hearing without the required public notice.

Defendant City of Eureka Springs argues that Ms. Pease has "not alleged in the Complaint the lack of any required notice or procedural deficiencies required by law with regard to the issuance of the Certificates of Appropriateness or the building permits…." (Doc. 22, p. 6). Moreover, Defendants essentially argue that because she knew there was going to be an addition, she was given proper notice. (Doc. 22, p. 6). The Court does not agree. It can reasonably be

inferred from the allegations in the complaint that while Mr. Cook gave Ms. Pease general notice of his intent to make improvements to his property, no Defendant gave her notice of any permit hearings or the extent of the intended improvements.[3] Under the ordinance, HDC should not have acted unless required notice was given. HDC did act without notice, however, and the permit was issued. The lack of notice excuses Ms. Pease's failure to exhaust administrative remedies by timely appealing the permitting decision. *See Hankins v. McElroy*, 855 S.W.2d 310, 312 (Ark. 1993) ("[T]he exhaustion doctrine does not apply when it would be futile to pursue an administrative remedy or when there was no genuine opportunity to do so.").

To the extent Defendants' arguments can be construed as a statute of limitations argument, it is not apparent from the face of the complaint that Ms. Pease's claims are barred by the statute of limitations. Because Ms. Pease is not limited by the statutes cited by Defendants, she is only limited by the Arkansas three-year statute of limitations for real property damage. Ark. Code Ann. § 16-56-105. Ms. Pease was not an applicant or a party to the HDC decision and she alleges that her property was actually damaged as a result of the Defendants' actions. A Certificate of Appropriateness for revised plan was issued on March 1, 2017, HDC issued the first permit on March 10, 2017, and Ms. Pease filed this complaint on November 6, 2017. Ark. Code Ann. § 16-56-105. Thus, the three-year limitation has not passed. Therefore, the motion to dismiss Ms. Pease's claim because of failure to exhaust administrative remedies is denied.

---

[3] In addition to filing an affidavit to this effect, which the Court has not considered on the motion to dismiss, Ms. Pease filed an amended complaint alleging she did not receive notice. (Doc. 38, ¶ 13). The amended complaint was not filed with leave of Court, nor does the record show that Defendants' written consent was received prior to Ms. Pease filing the amended complaint. The amended complaint will be stricken, but leave will be granted for Ms. Pease to amend her claims, so long as that amendment is consistent with the Court's ruling on these motions.

### 3. Denial of Due Process

Defendants briefly argue that in addition to her failing to exhaust, any of Ms. Pease's claims brought against the City[4] pursuant to 42 U.S.C. § 1983 should be dismissed because she has not alleged a violation of equal protection. (Doc. 13, p. 7). Ms. Pease's allegations do not state a claim for a violation of equal protection, but taken as true, they do show that the City caused damage to her property without affording her due process. Because municipalities can be persons acting under color of state law, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), and because damage to private property caused by state regulatory action without due process can be an unconstitutional taking, *Williamson Cty. Regional Planning Commision v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), Ms. Pease appears to have stated a claim to relief under § 1983. She also appears to have alleged an unconstitutional taking under Arkansas state law. Whether any such claim is timely will no doubt be made clear following discovery and further litigation. *See* Ark. Code Ann. § 18-15-1704. Defendants have not met their burden to show that claim should be dismissed against the City at the pleading stage, however.

### 4. Nuisance

Defendants move to dismiss Ms. Pease's nuisance claim for failure to state a claim. (Doc. 12, p. 3). A nuisance occurs when the conduct of a landowner on his property "disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property." *Goforth v. Smith*, 338 Ark. 65, 79, 991 S,W,2d 579, 587 (1999). "The general rule is that in order to constitute a nuisance, the intrusion must result in physical harm, as distinguished from unfounded fear of harm, which must be proven to be certain, substantial, and beyond speculation and conjecture. It is well settled

---

[4] To the extent Ms. Pease asserts this claim against Mr. Cook and Ms. Gillette, it will be dismissed because those Defendants are not state actors.

that a landowner may make such use of his property as he chooses so long as he does not unlawfully or unreasonably interfere with or harm his neighbor." *Id*. Based on the allegation that Defendants Cook and Gillette's property "dumps and diverts" rainwater and they attached braces during construction to Plaintiff's property, it is reasonable to believe that Plaintiff was substantially harmed by the Defendants' construction of the building. As such, Defendants' motion to dismiss the nuisance claim is denied with respect to Mr. Cook and Ms. Gillette. Because the City is not the landowner whose property affects Ms. Pease's quite enjoyment, the nuisance claim will be dismissed against the City.

### 5. Obstruction of View

Defendants move to dismiss the easement of view claim. "One of the perquisites to a cause of action for nuisance is that the right of enjoyment which is impaired must be a right that is susceptible to legal protection." *44 Plaza, Inc. v. Gray-Pac Land Company*, 845 S.W.2d 576, 578 (Mo. App. E.D. 1992). Arkansas does not recognize nuisance actions against landowners for obstruction of view. *Id.* ("The common law rule is that…the obstruction of a landowner's view is not actionable."). Thus, the motion to dismiss any easement of view claim is granted.

### B. Motion for Default Judgment

Next, the Court must address whether it is proper to grant default judgment against Mr. Cook. On December 11, 2017, Mr. Cook filed a Rule 12(b)(5) motion asking the Court to dismiss the claims against him due to insufficient service of process. (Doc. 5). On December 14, 2017, this Court denied the motion and Mr. Cook had 14 days thereafter to file a responsive pleading to Ms. Pease's complaint. (Doc. 8). Rather than file his responsive pleading, on December 28, 2017 Mr. Cook joined Ms. Gillette in filing a Rule 12 motion to dismiss for lack of jurisdiction and failure to state a claim. (Doc. 12). A timely Rule 12 motion to dismiss alters the deadline to file

a responsive pleading. Fed. R. Civ. P. 7(a)(4). While he is entitled to raise as a defense the purported failure to state a claim, and while the Court has a continuing obligation to ensure it has subject matter jurisdiction, because of his previous Rule 12(b)(5) motion, Mr. Cook was not entitled to file the December 28 Rule 12(b) motions as preanswer motions. Fed. R. Civ. P. 12(g)(2). That is, Mr. Cook's December 28 motion to dismiss did not alter the deadline for him to file his responsive pleading.

Mr. Cook has technically defaulted. However, Mr. Cook certainly intends to continue defending himself in this case, and has clearly only failed to file a responsive pleading because his attorney was confused by the relationship between Rule 12 motions and responsive pleadings, and how those filings are impacted when one attorney represents multiple parties with separate pleading deadlines. While attorney mistakes typically do not demonstrate good cause or excusable neglect under the Rules, because Mr. Cook's defense of this case appears to be identical to Ms. Gillette's, there is no prejudice to Ms. Pease if Mr. Cook is allowed to defend on the merits. The Court finds good cause to set aside a default. In light of the preference for resolution on the merits, the early posture of the case, and the fact that Ms. Gillete's responsive pleading is due within 10 days of entry of this order, the Court also finds good cause to extend Mr. Cook's deadline to file a responsive pleading to that same date. Therefore, Ms. Pease's motion for default judgment is denied.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (Docs. 12 and 21) are GRANTED IN PART and DENIED IN PART. Defendants' motions are GRANTED insofar as Plaintiff's easement of view claim against all Defendants, Plaintiff's denial of due process and inverse condemnation claims against Defendants Cook and Gillette, and Plaintiff's nuisance claim

against Defendant City of Eureka Springs, Arkansas are DISMISSED WITH PREJUDICE. Defendants' motions are otherwise DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment (Doc. 30) as to Mr. Cook is DENIED.

IT IS FURTHER ORDERED that Defendants must file a responsive pleading by March 28, 2018.

IT IS FURTHER ORDERED that Plaintiff's amended complaint (Doc. 38) is STRICKEN, and the Clerk is directed to break the hyperlink to that document and remove it from the docket. Plaintiff may amend her complaint consistently with this opinion and order by April 2, 2018.

IT IS SO ORDERED this 19th day of March, 2018.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE